UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DODSON,<br><br>   Plaintiff,<br><br>   v.<br><br>GOLD COUNTRY FOODS, INC, dba<br>TACO BELL #2416 et al.,<br><br>   Defendants. | No. 2:13-cv-0336-TLN-DAD<br><br>**AMENDED ORDER**[1] |

This matter is before the Court on Plaintiff Robert Dodson's ("Plaintiff") Motion to Strike certain Affirmative Defenses asserted in Defendant Gold County Foods' ("Defendant") Answer. (Pl.'s Mot. to Strike, ECF 15) Defendant opposes the motion. (See Def.'s Opp'n, ECF. 26.) For the reasons set forth below, Plaintiff's motion to strike is DENIED.[2]

**BACKROUND**

Plaintiff brings his complaint under the Americans with Disabilities Act ("ADA"), alleging that he "is a quadriplegic as a result of a car accident" and is therefore "'physically

---

[1] This order supersedes the Memorandum and Order issued October 18, 2013. The amendments to the order are non-substantive corrections of typographical errors.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

disabled,' as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws." (Pl.'s Compl., ECF 1 ¶ 8.)  Plaintiff further alleges that he "visited [Defendant's] Restaurant and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility." (ECF 1 ¶ 10.)  Plaintiff seeks injunctive and preventative relief, as well as "[d]eclaratory relief that [Defendant] violated the ADA for the purposes of the Unruh Act or Disabled Persons Act damages."  (ECF at 11:1-7.)  Plaintiff also seeks "[s]tatutory minimum damages under wither sections 52(a) or 54.3(a) of the California Civil Code," as well as attorneys' fees and litigation costs. (ECF 1 at 11:7-10.)

Defendant filed its answer on April 17, 2013, asserting ten affirmative defenses. (See generally Def.'s Answer, ECF11.)   Plaintiff now moves under Federal Rule of Civil Procedure 12(f) to strike nine of the affirmative defenses contained in Defendant's answer.  (See Pl.'s Mot. to Strike, ECF 15.)  Specifically, Plaintiff moves to strike Defendant's, First, Fifth, and Seventh affirmative defenses for factual deficiencies, and Defendant's, Second, Third, Fourth, Sixth, Ninth and Tenth affirmative defenses for legal deficiencies. (Id.)

On July 15, 2013, counsel for Defendant wrote to Plaintiff's counsel seeking a stipulation to file an amended answer that would have removed many of the allegedly deficient affirmative defenses Plaintiff complains of herein. (Decl. of Kathleen Finnerty, ECF 1 ¶¶ 3-4, Ex. B.) Notwithstanding that the proposed amended answer would have obviated the need for the Motion to Strike, Plaintiff's counsel refused to stipulate. (Id.  ¶ 5.)

## STANDARDS

### A. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Rule 12(f) motions, however, are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and

because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." Id. Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979); see also FED. R. CIV. P. 15(a)(2). If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the allegations for adjudication on the merits after proper development of the factual nature of the claims through discovery. See generally Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 974−75 (9th Cir. 2010).

### B. Pleading Standard

Rule 8(c) provides, in pertinent part, that "a party must affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c). The Ninth Circuit has held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak, 607 F.2d at 827 (citing Conley v. Gibson, 355 U.S. 41, 47−48 (1957)); accord Simmons v. Navajo, 609 F.3d 1011, 1023 (9th Cir. 2010); Schutte & Koerting, Inc. v. Swett & Crawford, 298 Fed. Appx. 613, 615 (9th Cir. 2008). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing Conley, 355 U.S. at 47). "On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" Id. (quoting McArdle v. AT&T Mobility, LLC, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009)).

## ANALYSIS

Plaintiff asks this Court to strike Defendant's affirmative defenses by extending the rationale set forth in Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), to all pleadings. (ECF 15-1 at 3.) Plaintiff claims that this "all-pleadings approach" has been adopted by a majority of courts. (ECF 15-1 at 2:5-6.)

Neither the Ninth Circuit, nor any other Circuit Court of Appeals, however, has ruled on

this issue.  Although the "all-pleadings approach" has been adopted by some courts,[3] this court finds that a number of more recent decisions within California lend credence to *not* adopting the "all-pleadings approach."  See e.g. Kohler, 280 F.R.D. at 565−66; Uriarte v. Schwarzenegger, No. 06–CV–1558, 2012 WL 1622237, at *3 (S.D. Cal. May 4, 2012); Weddle v. Bayer AG Corp., No. 11–CV–817, 2012 WL 1019824, at *2 (S.D. Cal. Mar. 26, 2012); Meas v. CVS Pharmacy, No. 11-CV-0823, 2011 WL 2837432, at *3 (S.D. Cal. July 14, 2011); Joe Hand Promotions, Inc. v. Estradda, No. 1:10–CV–02165, 2011 WL 2413257, at *5 (E.D. Cal. June 8, 2011); J & J Sports Prods., Inc. v. Scace, No. 10cv2496, 2011 WL 2132723, at *1 (S.D. Cal. May 27, 2011); Garber v. Mohammadi, No. CV 10–7144, 2011 WL 2076341, at *4 (C.D. Cal. Jan.19, 2011); see also Holdbrook v. SAIA Motor Freight Line, LLC, No. 09–cv–02870, 2010 WL 865380, at *2 (D. Colo. 2010); Bartronics, Inc. v. Power–One, Inc., 245 F.R.D. 532, 537 n. 5 (S.D. Ala. 2007).  The court finds the stated rational for not adopting this approach persuasive.  First, the Ninth Circuit has continued to recognize the "fair notice standard" set forth in Wyshak, 607 F.2d at 827, in determining the sufficiency of an affirmative defense.  See Simmons v. Navajo Cnty, Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010).

Second, as the court recognized in Kohler, 280 F.R.D. at 566, the Supreme Court limited its analysis in Twombly, 550 U.S. at 555, and Iqbal, 556 U.S. at 679, to pleadings under Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires that the party stating a claim for relief

---

[3]   Following the rationale set forth in Iqbal and Twombly, a number of courts applied the pleading standard used to determine the sufficiency of a complaint in those cases to affirmative defenses.  See e.g., Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1171−72 (N.D. Cal. 2010); CTF Dev., Inc. v. Penta Hospitality, LLC, No. C09-02429, 2009 WL 3517617, at *7−8 (N.D. Cal. Oct. 26, 2009); Tracy ex rel. v. NVR, Inc., No. 04-CV-6541L, 2009 WL 3153150, at *7−8 (W.D.N.Y. Sept. 30, 2009); FDIC v. Bristol Home Mortg. Lending, LLC, No. 08-81536-CIV, 2009 WL 2488302, at *2−4 (S.D. Fla. Aug. 13, 2009); Teirstein v. AGA Medical Corp., No. 6:08-cv-14, 2009 WL 704138, at *6 (E.D. Tex. Mar. 16, 2009); Greenheck Fan Corp. v. Loren Cook Co., No. 08-cv-335-jps, 2008 WL 4443805, at *1−2 (W.D. Wis. Sept. 25, 2008); Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc., No. 05-CV-0233-WWJ, 2008 WL 4391396, at *1 (W.D. Tex. Sept. 22, 2008); Safeco Ins. Co. of Am. v. O'Hara Corp., No. 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008); Holtzman v. B/E Aerospace, Inc., No. 07-80551-CIV, 2008 WL 2225668, at *2 (S.D. Fla. May 28, 2008); United States v. Quadrini, No. 2:07-CV-13227, 2007 WL 4303213, at *3−4 (E.D. Mich. Dec. 06, 2007).

provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In contrast, Rule 8(c), which governs affirmative defenses, requires only that the responding party "affirmatively state" its defenses. FED. R. CIV. P. 8(c). In making this distinction, the Kohler court stated that "[f]actual plausibility—which is the key difference between Twombly/Iqbal pleading and 'fair notice' pleading—is particularly suited to claim pleading because Rule 8(a)(2) requires that the party 'show[ ]' that it is entitled to relief." Kohler, 280 F.R.D. at 566 (quoting Iqbal, 556 U.S. at 679). Thus, "[a]pplying the same standard of pleading to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in Twombly that legislative action, not 'judicial interpretation,' is necessary to 'broaden the scope' of specific federal pleading standards." Id. (citing 550 U.S. at 569 n. 14). Finally, the Court finds the difference in the procedural posture of a plaintiff filing a complaint and a defendant in filing an answer supports refraining from implementing Plaintiff's proposed approach. The District of Colorado recently recognized the distinction between the time that a plaintiff has to compose a complaint versus the time a defendant has to answer and found that this distinction did not support adopting the all-pleading approach. See Holdbrook, 2010 WL 865380, at *2. The court explained: "it is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given [21] days to respond to a complaint and assert its affirmative defenses." Id.; see FED. R. CIV. P. 12(a). As such, this Court denies Plaintiff's request to employ the "all-pleading approach" and shall evaluate each of the outstanding affirmative defenses under the "fair notice" pleading standard.

### A.   Defendant's First, Fifth and Seventh Affirmative Defenses

Plaintiff moves to dismiss Defendant's First (failure to state claim), Fifth (necessary and indispensable parties), and Seventh (standing) Affirmative Defenses on the grounds that they are factually deficient[4] under the Rule 8(a)(2) pleading standard established in Iqbal and Twambly.

---

[4] The court notes that the thrust of Plaintiff's motion in this regard relies on Plaintiff's contention that the court should apply plausibility standard set forth by Twombly and Iqbal. However, as described above, the court declines to adopt the "all pleadings approach," as Plaintiff requests.

1  (ECF 15-1 at 3:8-4:16.) .)  Defendant argues that its affirmative defenses are sufficient under
2  notice pleading.  (ECF 26 at 6:6-7.)

3      The Court finds that Defendant has complied with Federal Rule of Procedure 8(c).  The
4  Rule requires only that a party "affirmatively state any avoidance or affirmative defense, . . ."
5  FED. R. CIV. P. 8(c).  The court notes that some courts have found that "fair notice" is insufficient
6  to state an affirmative defense, citing to Federal Rule of Civil Procedure 8(b).  See Qarbon.com
7  Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).  However, as explained above,
8  the court finds the fact that affirmative defenses are governed by a separate rule persuasive and
9  thus does not impose the pleading restrictions set forth in Rule 8(b).

10      The fair notice standard only requires the pleading to provide a plaintiff with fair notice of
11  the nature and grounds of the affirmative defense, not to prove that the defendant will ultimately
12  prevail.  See Rapp v. Lawrence Welk Resort, No. 12-CV-01247 BEN WMC, 2013 WL 358268,
13  at *7 (S.D. Cal. Jan. 28, 2013).  Thus, Defendant's affirmative defense comports with Federal
14  Rules of Civil Procedure 8(c) and is proper.  Plaintiff's motion as to Plaintiff's First, Fifth and
15  Seventh Affirmative defenses is DENIED.

16      **B.     Defendant's Second, Third, Fourth, Sixth, Ninth, and Tenth Affirmative**
17            **Defenses**

18      Plaintiff moves to strike Defendant's Second (failure to mitigate), Third (third party
19  negligence), Fourth (plaintiff's own negligence), Sixth (unclean hands), Ninth (pre-litigation
20  notice), and Tenth (not readily achievable) Affirmative Defenses on the grounds that they are
21  legally insufficient.  (ECF 15-1 at 4:1-9.)  The gravamen of Plaintiff's argument as to each of
22  these claims is that they "fail under any set of facts," and thus, the motion to strike them should
23  be granted.   However, as explained above, Rule 8(b) only requires that the pleading provide
24  Plaintiff with fair notice of the nature and grounds of the affirmative defense, which Defendant
25  does here; it does not require Defendant to prove that it will ultimately prevail. The court finds
26  that Defendants have provided Plaintiff fair notice of the nature of its affirmative defenses and

27
28

1 | therefore DENIES Plaintiff's motion.[5]

## CONCLUSION

For the reasons set forth above, Plaintiff's motion is DENIED in its entirety.

Dated: November 1, 2013

Troy L. Nunley
United States District Judge

---

[5] The court notes that Defendant filed a proposed amended answer concurrent with its opposition. Should Defendant wish to amend its answer, it is free to file a noticed motion under Rule 15.