UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DODSON, | No. 2:13-cv-0336-TLN-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| GOLD COUNTRY FOODS, INC, dba TACO BELL #2416 et al., | |
| Defendants. | |

This matter is before the Court on Defendant, Gold Country Foods, Inc.'s ("Defendant") motion to modify the pretrial scheduling order.[1] (See Def.'s Mot. to Modify the Pretrial Scheduling Order, ECF 44.) "Defendant proposes an amended pretrial schedule to accommodate the pending ruling on Defendant's Motion for Summary Judgment . . . which is currently under submission." (Id. at 1:23-25.) Specifically, Defendant requests that the Court modify the pretrial scheduling order to "permit Defendant to render its expert witness disclosure to within 20 days after the Court issues its order on the [s]ummary [j]udgment" motion and to establish a date for expert witness discovery cutoff.[2] (Id. at 3:12-15.) Plaintiff has not filed any opposition to

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[2] While the court finds appropriate Defendant's request to extend the deadline for expert witness disclosures to coincide with the Court's ruling on summary judgment, the court finds

1

Defendant's motion.

A pretrial scheduling order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)). The "good cause" standard set forth in Rule 16 primarily focuses upon the diligence of the party requesting the amendment. Id. at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

Here, the Court finds that Defendant has shown good cause for modifying the pretrial scheduling order. First, Defendant has been exceedingly diligent in seeking amendment. Defendant filed its motion for summary judgment—the impetus for Defendant's current motion—sixteen months before the dispositive motion deadline. Moreover, Defendant simply seeks to alter the deadline for disclosure of expert witnesses, which does not arise until September 18, 2014.

The Court also finds that Plaintiff would not be prejudiced by extending the deadline for expert witness disclosure to twenty days after the Court issues its order on Defendant's motion for summary judgment. Indeed, Plaintiff has not opposed Defendant's motion. Finally, the Court finds availing Defendant's stated reasons for the modification. Specifically, by extending the deadline for disclosure of expert witnesses to a date after the ruling on Defendant's motion for summary judgment, both parties will save on potentially unnecessary litigation expenses. That is, should the Court grant Defendant's motion for summary judgment, absent modification, a high likelihood exists that the parties will have incurred unnecessary expenses on expert discovery. As such, Defendant's motion to modify the pretrial scheduling order is GRANTED.

---

unnecessary Defendant's request that the court set a date certain for expert witness discovery cut-off. The court finds more than sufficient the pretrial scheduling order's instruction that counsel "complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions." (See ECF 22 at 4:8-10.)

1    Based on the foregoing, it is hereby ORDERED that expert witness disclosures are due
2  twenty (20) days after the Court issues its order on Defendant's motion for summary judgment.
3  **Dated: May 13, 2014**

Troy L. Nunley
United States District Judge